DANIEL CHAMBERLAIN *vs.* WILLIAM H. CLEMENCE.

A. sold an engine lathe to B., taking back a mortgage thereof which contained a covenant for possession by the mortgagor until breach of condition, and delivered the machine to a carrier, to be taken to the town of B.'s residence; B. on the same day pledged the machine for a valuable consideration to C., and promised to have it sent to him on its arrival; the next morning C. went to the carrier, and directed a teamster to take it home, which he did on the same day; after this order, but before the delivery, A. recorded his mortgage; C. afterwards sold and delivered the machine to another person, and, on A's demanding it, answered that he had sold it, and did not know where it was, and refused to assist A. in finding it. *Held,* that there was sufficient evidence of title in A. and conversion by C. to support an action of trover.

ACTION OF TORT for the conversion of an engine lathe. The answer denied both the plaintiff's property and the conversion. Trial in the superior court of Suffolk at November term 1855 before *Nelson,* C. J., who signed this bill of exceptions:

" There was evidence tending to show that the lathe was the property of the plaintiff, and was by him sold on the 14th day of February 1854 to one Waite, who mortgaged the same back to the plaintiff by a chattel mortgage of that date; that in the evening of that day the property was delivered to Waite and

33 *

sent to Lowell, where Waite lived, and arrived there early in the morning of the 15th.

" There was also evidence tending to show that Waite, on the evening of the 14th of February, for a valuable consideration, gave a bill of sale as a pledge to the defendant, assuring him that the property was on the cars, would be at the station in the morning, and that he would have it sent to the barn of the defendant; that the defendant, between six and seven o'clock in the morning of the 15th, went to the freight station of the railroad, and saw the property in the cars, and directed a teamster to take it home; and that at some time before noon the lathe was delivered to the defendant's barn. One of the questions submitted to the jury was, whether the defendant obtained actual possession of the pledged property before the recording of the mortgage by the plaintiff.

" The mortgage under which the plaintiff claimed was recorded at nine o'clock on the 15th of February, and contained a covenant for possession by the mortgagor till the breach of condition, which would be on the 18th of June following. On the 2d of June the defendant sold and gave a bill of sale of said lathe, for a valuable consideration, to one Bullens, who took the machine, by the defendant's consent, from the barn of the defendant. On the 18th of June the plaintiff called on the defendant at Lowell, and demanded the machine from the defendant, who made answer that the machine had been sold by him; that he did not know where it was; and that the plaintiff might find it if he could; but that he could not get it or pay for it, save at the end of an execution. There was no evidence that the mortgage was known to the defendant at the time of taking the pledge of the machine.

" On this evidence the defendant asked the court to instruct the jury that, under the circumstances, the demand and refusal were not sufficient evidence of a conversion to support this action. But the court declined to give the instruction prayed for.

" The defendant also asked the court to instruct the jury, that the bill of sale or pledge by Waite to the defendant, if for a

valuable consideration, would, together with the acts proved, if the jury believed the evidence, make a good title against the plaintiff. But the court declined so to instruct the jury.

" The jury found for the plaintiff. To these several rulings the defendant excepts."

*B. F. Butler & N. St. J. Green,* for the defendant. 1. The defendant's title was perfected before the recording of the plaintiff's mortgage. *Gibson* v. *Stevens,* 8 How. 384, and cases there cited. *Pratt* v. *Parkman,* 24 Pick. 42, 47. *Jewett* v. *Warren,* 12 Mass. 300.

2. The mortgagor, having a right to retain the possession of the chattel, could lawfully pledge it to the defendant; and a sale by the defendant, if made *bona fide* and in ignorance of the plaintiff's mortgage, would not amount to a conversion, but would pass that right of possession and use which the mortgagor had under the covenant of possession.

3. None of the acts of the defendant amount to a conversion. *Vincent* v. *Cornell,* 13 Pick. 294. *Leonard* v. *Tidd,* 3 Met. 6. *Strickland* v. *Barrett,* 20 Pick. 415.

*W. Brigham,* for the plaintiff.

BY THE COURT. In a case of this nature, where two persons claim personal property under conflicting titles derived from the same vendor, the right depends solely on determining which of the two obtained legal possession of the chattels, or that which in law is equivalent to possession. On the facts proved at the trial, the defendant failed to show any possession, either actual or constructive. That he had not acquired the former is settled by the verdict; nor the latter, because he had done no act which under the circumstances can be regarded in law as equivalent to a delivery or taking possession of the property. It does not appear that there was anything in the nature of the machine to render it inconvenient or impossible for the defendant to have taken it into his immediate actual custody. It was not shown to have been so situated that only a symbolical delivery could be made of it. The defendant did no act prior to the record of the plaintiff's mortgage to perfect his title. He might have removed it from the possession of the carriers, or have obtained

from them an agreement to hold it for him till he could take it away. He did nothing, but left it in the hands of the carriers, until the plaintiff had completed his title by recording his mortgage in the city of Lowell, where the mortgagor resided.

The evidence of conversion was sufficient. The defendant had constructive notice of the plaintiff's mortgage, and had no right to sell it, and, on demand, to refuse to give such information as would enable the plaintiff to assert his title to it. The demand and refusal were, under the circumstances, ample evidence of conversion.                          *Exceptions overruled.*